ANNIE MCNEILL, Respondent, v. GRETA V. STAFFORD, Appellant, and ROBIRLA CORPORATION, Defendant. JULIA SULLIVAN, Respondent, v. GRETA V. STAFFORD, Appellant, and ROBIRLA CORPORATION, Defendant.— Two actions to recover

damages for personal injuries sustained by the plaintiffs as the result of defendant's negligence. The injuries were sustained in the same accident, and the two actions were tried together by consent. Plaintiff McNeill was the cook and plaintiff Sullivan a waitress, both employed in the Stafford household at Huntington, Long Island. They were injured on June 23, 1935, while riding from church in an automobile described as a Ford station wagon, owned by defendant Greta V. Stafford. The accident happened when the automobile in which they were riding collided with a Plymouth car belonging to defendant Robirla Corporation, which was approaching in the opposite direction. At the close of the plaintiffs' case, the complaints were dismissed against defendant Robirla Corporation. Appeal by defendant Stafford from judgments in favor of plaintiff McNeill on a verdict for $50,000, and in favor of plaintiff Sullivan for $18,000, and from said judgments as amended. [First Appeal.] Judgment and amended judgment in favor of plaintiff McNeill and against defendant Stafford reversed on the facts and a new trial granted as against said defendant, costs to abide the event, unless within ten days from the entry of the order hereon said plaintiff stipulate to reduce to $40,000 the amount of the verdict rendered in her favor; in which event said judgment and amended judgment are affirmed, without costs, pursuant to the provisions of section 106 of the Civil Practice Act. The amended judgment, in so far as it dismisses the complaint against defendant Robirla Corporation is affirmed, without costs. [Second Appeal.] Judgment and amended judgment in favor of plaintiff Sullivan and against defendant Stafford reversed on the facts and a new trial granted as against said defendant, costs to abide the event, unless within ten days from the entry of the order hereon said plaintiff stipulate to reduce to $12,000 the amount of the verdict rendered in her favor; in which event said judgment and amended judgment are affirmed, without costs, pursuant to the provisions of section 106 of the Civil Practice Act. The amended judgment in so far as it dismisses the complaint against defendant Robirla Corporation is affirmed, without costs. The verdict in each case as to the amount of damages is excessive. Lazansky, P. J., Adel and Taylor, JJ., concur; Hagarty, J., dissents with respect to the judgments and amended judgments against defendant Stafford as to which he votes to affirm, but concurs for affirmance of the amended judgments with respect to defendant Robirla Corporation. Johnston, J.: I concur in the affirmance of the amended judgments with respect to defendant Robirla Corporation but dissent and vote to reverse the judgments and amended judgments as to defendant Stafford. In my opinion the learned trial court committed prejudicial error when, after commenting upon statements signed by plaintiffs when they were confined at the hospital, he read section 270-b of the Penal Law, which was not in effect at the time the statements were procured. That statute makes it unlawful for any person to enter a hospital for the purpose, among other things, of obtaining a statement from any patient with reference to personal injuries for which such person is confined, within fifteen days after the injuries were sustained, unless at least five days prior to the obtaining or procuring of such statement the injured party has signified in writing his willingness that such statement be given. It is true the learned court, after stating it might have been " refined cruelty for those men to invade that sick chamber and talk to these women, not rational as they say, or, as their nurse says, not normal and racked by pain," directed the jury to " eliminate any legal impropriety, any suggested criminality on the part of these men in

the obtaining of these statements." But this observation did not cure but, on the contrary, aggravated the error. My associates admit that the reading of the statute and the court's comment constitute error but believe it may be disregarded as not affecting a substantial right of defendant. I think not. No reference to the statute should have been made. The reading of it and the court's comment were calculated to inflame and prejudice the jury against said defendant. The error was highly prejudicial and should not be ignored. In my opinion there should be a new trial as against defendant Stafford.